Dismissed and Memorandum Opinion filed October 5, 2004









Dismissed and Memorandum Opinion filed October 5, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00319-CV

____________

 

CITY OF HOUSTON, Appellant

 

V.

 

ALVIN CHARLES
DUNCAN,
Appellee

 



 

On Appeal from the 133rd
District Court

Harris County, Texas

Trial Court Cause No. 03-45152

 



 

M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from an
order denying appellant City of Houston’s plea to the jurisdiction signed
January 22, 2004.  See Tex. Civ. Prac. & Rem. Code §
51.014(a)(8).  In a single issue, the
City claims that  the trial court erred
in denying its plea to the jurisdiction because appellee Alvin Charles Duncan
failed to give it proper notice of his claim as required under section 101.101
of the Texas Tort Claims Act.  See
Tex. Civ. Prac. & Rem. Code §
101.101.  After responding to the City’s
arguments, Duncan raises two issues complaining that the trial court has not
timely ruled on his motions for appointment of counsel.








On July 9, 2004, the Texas Supreme Court
issued two opinions directly relevant to this appeal.  First, in The University of Texas
Southwestern Medical Center at Dallas v. Loutzenhiser, the Court held that
“the failure to give notice of a claim as required by section 101.101 does not
deprive a court of subject matter jurisdiction over an action on the
claim.”  140 S.W.3d 351, 362 (Tex.
2004).  In Texas Department of
Criminal Justice v. Simons, the Court held “actual notice under section
101.101(c) requires that a governmental unit have knowledge of the information
it is entitled to be given under section 101.101(a) and a subjective awareness
that its fault produced or contributed to the claimed injury.”  140 S.W.3d 338, 348 (Tex. 2004).  Relying on Loutzenhiser, the Court
concluded that because lack of notice is not jurisdictional, it cannot be made
the basis of a plea to the jurisdiction in the trial court.  Id. at 348–49.  Consequently, a court of appeals has no
jurisdiction over an interlocutory appeal from a ruling on a plea to the
jurisdiction challenging notice and must dismiss the appeal.  Id. at 349.  For this reason, we dismiss the City’s
interlocutory appeal of the trial court’s denial plea to the jurisdiction.

We also have no jurisdiction to address
Duncan’s “cross-issues.”  We note that
Duncan did not file a cross-appeal, see Tex. R. App. P. 25.1(c) and, in any event, his attempted
appeal of the trial court’s purported failure to timely rule on his requests
for appointment of counsel does not invoke appellate jurisdiction.  

We dismiss the City’s appeal and Duncan’s
purported cross-appeal for lack of jurisdiction. 

 

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Memorandum Opinion filed October 5, 2004.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.